UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:18-CR-10-TBR

UNITED STATES OF AMERICA,                                                               PLAINTIFF

v.

DEANDREA L. GRIMES,                                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Deandrea L. Grimes's *pro se* Motion for Compassionate Release in Light of COVID-19. [DN 35]. In the Motion, Defendant also moves the Court to appoint counsel. [*Id.* at 147]. The Government has filed a response. [DN 37]. Defendant did not file a reply, and this matter is ripe for adjudication. For the reasons stated herein, Defendant Grimes's Motion for Compassionate Release in Light of COVID-19, [DN 35], is **DENIED**.

### BACKGROUND

In May 2017, police officers responded to reports of a verbal altercation where several men were yelling that they were going to get guns. [DN 27 PSR at 103; DN 37 at 212]. When police arrived, they commanded that the individuals inside a vehicle—which included Defendant—come out. *Id.* Subsequently, officers detained Defendant and recovered a loaded .45 caliber Ruger from the passenger side of the vehicle. *Id.* At the time, Defendant was a convicted felon, with two prior convictions for drug trafficking. [*Id.* at 106–08]. In November 2018, Defendant pled guilty to being a felon in possession of a firearm, and the Court later sentenced Defendant to a 57-month term of imprisonment and three years supervised release on March 19, 2019. [DN 29 at 119, 121]. Currently, Defendant has served approximately 26 months (or 45.6 percent) of his 57-month

sentence. His projected release date is April 28, 2023. [DN 35 at 143]. Defendant now seeks compassionate release due to his underlying medical conditions and the COVID-19 pandemic.

## LEGAL STANDARD

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that*—

*(i) extraordinary and compelling reasons warrant such a reduction* . . ."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other

Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

## DISCUSSION

### A. Appointment of Counsel

Defendant requests that the Court appoint counsel. [DN 35 at 147]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings, Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652 at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.* Where an underlying motion for compassionate release

will fail, appointing counsel would be futile. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020).

The Court finds that appointment of counsel is not necessary for Defendant to pursue compassionate release in this case. Here, the issues raised in Defendant's motion are straightforward and resolvable upon a review of the record, and the nature of Defendant's motion demonstrates that he has the capacity to be a diligent, effective advocate. Accordingly, appointment of counsel is unnecessary, and Defendant's request is denied.

**B. Compassionate Release**

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On December 3, 2020, Defendant sent a request for compassionate release pursuant to the First Step Act to the Warden of his facility, arguing that his underlying medical conditions put him at a higher risk of serious complications from COVID-19. [DN 35-2 at 155]. The Warden responded denying Defendant's request on December 27, 2020. [*Id.* at 157]. The Government does not dispute that the exhaustion requirement is satisfied. [*See generally* DN 37]. Accordingly, the

Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

## II. Extraordinary and Compelling Reasons

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1111). Though the Court agrees that the policy statement still provides a useful starting point to determine whether extraordinary and compelling reasons exist, the Court can and does look to other reasons when ruling on a motion for compassionate release. The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Defendant argues that his age (31) and underlying medical conditions including obesity and hypertension increase the risk of adverse effects if Defendant were to "contract COVID-19 for a second time," and constitute extraordinary and compelling reasons for his release. [DN 35 at 146]. Defendant attached his proposed release plan, individualized reentry plan, and documents showing the various programs Defendant has

completed while incarcerated. [*See* DN 35-1 and 35-2]. In response, the Government states "[t]he Court should deny Grimes' motion because his conviction establishes that he is dangerous, he has not demonstrated that his release would reduce the risk of contracting COVID-19, and the § 3553(a) factors do not support release." [DN 37 at 212].

Defendant's BOP medical records confirm that he is a 31-year-old African American male who suffers from obesity. [DN 35-2 at 173]. Though Defendant states that he suffers from hypertension, he has not provided any proof of this assertion and his BOP medical records do not show that he suffers from hypertension. [*See* DN 35-2 at 164–76]. BOP records show that in March 2019, Defendant weighed approximately 350lbs and is 71 inches tall (or approximately 5'9" tall). Therefore, his BMI is 48.8, indicating that his weight is in the "obese" category for adults of his height.[1]

The CDC's guidelines advise that individuals who are obese (BMI of 30 or above) are among those with the "strongest and most consistent evidence" of severe illness from COVID-19.[2] Moreover, statistically speaking, Defendant's race and age put him at a higher risk of serious illness from COVID-19 than other populations, even though his age does not place him in the most vulnerable age category. The CDC website states that individuals aged 30–39 are 2x more likely to be hospitalized and 4x more likely to die from COVID-19 compared to an 18–29-year-old.[3] Further, the website states that when compared to Non-Hispanic whites, African Americans are 2.6x more likely to contract COVID-19, 4.7x more likely to be hospitalized from COVID-19, and 2.1x more likely to die from COVID-19.[4]

---

[1] https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/metric_bmi_calculator/bmi_calculator.html.
[2] *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC (Nov. 2, 2020), https://bit.ly/34aDRY6.
[3] *See Centers for Disease Control and Prevention, Rate Ratios Compared to 18–29 Year Olds* (Aug. 18, 2020), https://perma.cc/URL5-CLCP.
[4] *See COVID-19 Hospitalization and Death by Race/Ethnicity*, CDC (Aug. 18, 2020), https://perma.cc/C95Q-JRNA.

Citing CDC guidelines, the Government concedes that "Grimes' increased risk of severe complications from COVID-19 based on his severe obesity (a CDC increased risk factor), along with the current statistic from his prison, qualifies as an 'extraordinary' reason for release." [DN 37 at 215]. Currently, Defendant is housed at USP Leavenworth, in Leavenworth, Kansas. As of May 11, 2021, USP Leavenworth had zero inmates and five staff members with confirmed active cases of COVID-19.[5] Although there are five active staff cases, there is no outbreak within the prison. Additionally, the Court finds that Defendant's medical records show that the BOP has made significant efforts to provide meaningful care and USP Leavenworth is equipped to meet Defendant's medical needs. [*See generally* DN 35-2].

The Court acknowledges that, based on relevant CDC guidelines, Defendant's obesity places him at an increased risk for severe illness from COVID-19 and this may constitute an "extraordinary" reason for purposes of 18 U.S.C. § 3582(c)(1)(A). However, despite the Government's concession, because Defendant's medical condition is stable, he is housed in a facility that is equipped to meet his medical needs, and there is no current outbreak at USP Leavenworth, the Court finds that Defendant has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A). Regardless, considering the totality of Ward's circumstances, the Court finds that compassionate release is not appropriate under 18 U.S.C. § 3553(a).

### III. 18 U.S.C. § 3553(a) Factors

Even when a defendant is statutorily eligible for a sentence reduction based on an "extraordinary and compelling reason," compassionate release is not necessarily appropriate. The Court must weigh the sentencing factors in 18 U.S.C. § 3553(a) to determine whether Defendant's

---

[5] https://www.bop.gov/coronavirus/ (accessed by the Court May 11, 2021).

sentence should be reduced. *Willis*, 382 F.Supp.3d at 1188. Considering the totality of Defendant's circumstances and the factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. Here, both the "nature and circumstances" of Defendant's crimes and Defendant's "history and characteristics" weigh against relief. Defendant's criminal history includes multiple convictions for drugs and drug trafficking. [DN 27 PSR]. Defendant was caught committing the instant offense—felony possession—when he brought a gun to an event that eventually devolved into violence. [DN 37 at 215]. After being caught, Defendant resisted officers while they attempted to detain him. *Id.* Additionally, Defendant has currently served less than 50 percent of his sentence. Accordingly, the Court finds that the nature and circumstances of the present offense and Defendant's history and characteristics do not support relief. Therefore, the Court must deny Defendant's motion.

## CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release in Light of COVID-19, [DN 35], is **DENIED** and Defendant's request for the appointment of counsel in this matter, [DN 35 at 147], is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 12, 2021

CC: **Deandrea L. Grimes**
19307-033
LEAVENWORTH
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEAVENWORTH, KS 66048
PRO SE